IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

WANDA HANBACK, AS THE ADMINISTRATRIX
OF THE ESTATE OF VERA ATWOOD, DECEASED
AND ON BEHALF OF HER HEIRS AND
WRONGFUL DEATH BENEFECIARES					PLAINTIFF

VS.								CASE NO. 3:13-CV-00288-MPM-SAA

GGNSC SOUTHAVEN, LLC D/B/A GOLDEN LIVING
SOUTHAVEN, GOLDEN GATE NATIONAL SENIOR
CARE, LLC, GGNSC EQUITY HOLDINGS, LLC,
GGNSC CLINICAL SERVICES, LLC,
GPH SOUTHAVEN, LLC, GGNSC HOLDINGS, LLC,
GGNSC ADMINISTRATIVE SERVICES, LLC,
GEARY PROPERTY HOLDINGS, LLC,
BEVERLY ENTERPRISES, INC., PEARL SENIOR
CARE, LLC AND DRUMM CORP., LLC.				DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the court on Defendants Drumm Corp. (Drumm), Pearl Senior Care LLC (Pearl), and Geary Property Holding's (Geary) (collectively the "Moving Defendants") motion to dismiss [Doc. 15] pursuant Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff Wanda Hanback, as the Administratrix of the Estate of Vera Atwood, deceased and on behalf of her heirs and wrongful death beneficiaries, has responded in opposition to the motion. Upon due consideration of the memoranda and relevant law, the court is now prepared to rule.

On November 7, 2007, Vera Atwood was admitted to Golden LivingCenter in Southaven, Mississippi and continued to reside there until her death on August 16, 2012. On October 10, 2013, Wanda Hanback, as Administratrix of Atwood's estate, sued GGNSC Southaven, licensee of Golden LivingCenter-Southaven, and several affiliated entities alleging negligence, medical malpractice, and wrongful death. Plaintiff bases her claims on the contention that Atwood's

1

death was a direct result of Golden LivingCenter-Southaven's failure to provide adequate care. Moving Defendants are among the affiliated entities named in the suit. However, Moving Defendants contend that this court lacks personal jurisdiction over them, and should, therefore, dismiss them from this suit.

When a district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff must only make a *prima facie* case that jurisdiction is proper. *Quick Techs., Inc. v. Sage Group, PLC*, 313 F.3d 338, 343 (5th Cir. 2002). In determining whether a *prima facie* case for personal jurisdiction exists, a court must accept the uncontroverted allegations in the plaintiff's complaint as true, and all factual conflicts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

"A federal district court sitting in diversity may exercise personal jurisdiction only to the extent permitted a state court under applicable state law." *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997), *cert. denied*, 522 U.S. 1048, 118 S. Ct. 691, 139 L.Ed.2d 637 (1998) (internal citation omitted). "A state court or a federal court sitting in diversity may assert jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the Fourteenth Amendment to the United States Constitution." *Allred*, 117 F.3d at 281 (quoting *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989)). However, if Mississippi law does not provide for the assertion of personal jurisdiction over the defendants, we need not consider the due process issue. *Cycles*, 889 F.2d at 616.

Mississippi's long-arm statute provides:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in

> this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service In this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13–3–57. Thus, in order to exercise jurisdiction over the defendants, the court must find that (1) the defendants entered into a contract with plaintiff to be performed in whole or in part in Mississippi; or (2) the defendants committed a tort, in whole or in part, against a plaintiff in Mississippi; or (3) the defendants were "doing business" in Mississippi. *See Roxco, Ltd. v. Harris Specialty Chem., Inc.*, 133 F. Supp. 2d 911, 915 (S.D. Miss. 2000).

Due process is satisfied under the Fourteenth Amendment to the United States Constitution when the minimum contacts test is met. The minimum contacts standard may be met in two ways. Specific jurisdiction exists when the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1240, 2 L. Ed. 2d 1283 (1958) (internal citation omitted). The minimum contacts necessary for specific personal jurisdiction are established "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). General jurisdiction, on the other hand, lies when the defendant's contacts with the forum state are so "continuous and systematic" that the state may exercise personal jurisdiction over the defendant even if the suit is unrelated to the defendant's contacts with the state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16, n. 9, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). In either case, the court must confirm that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *World–Wide*

*Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S. Ct. 559, 62 L.Ed.2d 490 (1980). This determination is made by balancing five factors: (i) the burden on the defendant; (ii) the forum's interest; (iii) the plaintiff's interest; (iv) the interest in an efficient judicial system; and (v) the interest in promoting public policy. *See Burger King Corp. v. Rudzewicz,* 471 U.S. at 467–77.

In support of their motion, Moving Defendants assert that the entities have never purposely availed themselves of the laws and privileges of Mississippi to warrant this court exercising personal jurisdiction over them. According to Moving Defendants, they are non-residential entities that took no part in the incidents alleged in Plaintiff's complaint because Moving Defendants do not operate Golden LivingCenter-Southaven, do not control GGNSC Southaven LLC, and have no contacts in Mississippi.

In opposition to Moving Defendants' motion, Plaintiff asserts that all of the defendants are involved in a joint venture in Mississippi and therefore, are jointly liable and subject to personal jurisdiction in Mississippi. Plaintiff bases this contention on allegations, albeit conclusory, that all defendants had a mutual understanding for the common purpose of operating Golden LivingCenter-Southaven; had a right to a voice in the direction and control of the means to carry out this common purpose; and combined their property, money, skill, and knowledge to operate Golden LivingCenter-Southaven. In addition, Plaintiff purports that defendants established multiple corporations in order to divert resources and profits that would otherwise have been available for resident care and to limit liability. As such, Plaintiff argues that all defendants should be held jointly liable for the damages caused in pursuit of their joint venture.

A Mississippi court has not specifically held that when the activities of one co-venturer in the forum are sufficient to sustain the exercise of personal jurisdiction, jurisdiction will attach as to all the participants in the venture. Likewise, Mississippi's long-arm statute provides no clarity

as it only specifies a "nonresident person, firm, general or limited partnership, or any foreign or other corporation." Miss. Code Ann. § 13–3–57. However, multiple federal district courts applying their respective state's laws have reached the conclusion that they may exercise personal jurisdiction over a non-resident co-venturer. *See Wendt v. Handler, Thayer & Duggan, LLC*, 613 F. Supp. 2d 1021, 1030 (N.D. Ill. 2009) ("Where two or more companies enter a joint venture, the minimum contacts of one co-venturer are attributable to other co-venturers such that personal jurisdiction over one means personal jurisdiction over all."); *Nolan v. Boeing Com*pany, 736 F. Supp. 120, 127 (E.D. La. 1990); *Itel Containers Intern. v. Atlanttrafik Exp. Serv.*, 116 F.R.D. 477 (S.D.N.Y. 1987)); *Aigner v. Bell Helicopters, Inc.*, 86 F.R.D. 532, 540 (N.D. Ill.1980)); *Fund v. Debio Holding, S.A.*, CIV. A. 99-2207, 2000 WL 877015 (E.D. La. June 29, 2000). This reasoning seems to be the logical extension of the Mississippi long-arm statute, and because Mississippi courts view joint ventures as a type of partnership, the court finds that it may exercise personal jurisdiction over a non-resident co-venturer in certain circumstances.

In Mississippi, a joint venture might be characterized as a "single shot partnership." *Hults v. Tillman*, 480 So.2d 1134, 1143 (Miss. 1985). "Indeed, the only purpose in distinguishing a joint venture from a partnership is to define a business relationship which is limited to specified undertakings for profit, rather than a general and continuing business of a particular kind." *Id.* at 1141. "It exists when two or more persons combine in a joint business enterprise for their mutual benefit with an understanding that they are to share in profits or losses and each to have a voice in its management." *Id.* at 1142. "A condition precedent for the existence of a joint venture is a joint proprietary interest in the enterprise and right of mutual control." *Id.* In short, it is a business relationship used for a specific undertaking for profit as opposed to a general, ongoing business. *Allied Steel Corp. v. Cooper*, 607 So.2d 113, 117 (Miss. 1992). Moreover, "an

agreement to share in profits and losses is not alone sufficient; there must be, in addition, *an intention of the parties to be associated together* as general partners, or for the more limited duration of a joint venture." *Hults*, 480 So.2d at 1143 (emphasis added). A showing of "actual intent to form a joint venture is essential." *Id.*

Upon an examination of the evidence and applicable law, this court finds no justifiable grounds for exercising personal jurisdiction over Moving Defendants, however. Drumm's Corporate Disclosure Statement attests that it is a privately held LLC, the stock of which is solely held by Fillmore Strategic Investors, LLC. The affidavit of Michael Patipa, Senior Vice President of Fillmore Strategic Investors, states that Drumm is a holding company that, through formally and functionally separate business entity subsidiaries, holds various investments and lines of business, including nursing facilities operated under the "Golden LivingCenter" trade name. Patipa also conveyed that Drumm is an indirect parent of GGNSC Southaven LLC, through several intermediary entities,[1] every one of which is and operates as a separate and distinct entity. In addition, Patipa's affidavit puts forth that Drumm provides no administrative, clinical, clerical, or any other support to Golden LivingCenter-Southaven, or any of its lines of business. Patipa states that it trusts those duties to its various subsidiaries.

Geary's Corporate Disclosure Statement attests that it is a privately held limited liability company and is an indirect and wholly owned subsidiary of Drumm. Patipa's affidavit states that Geary is the sole member of GPH Southaven, which owns the real estate where Golden LivingCenter-Southaven is located. GPH Southaven leases the property to GGNSC Equity Holdings, which in turn subleases the property to GGNSC Southaven. The affidavit also

---

[1] Drumm is the sole member of GGNSC Holdings, GGNSC Holdings is the sole member of GGNSC, who is the sole member of GGNSC Equity, who is the sole member of GGNSC Southaven.

discloses that Geary plays no role in the operation of Golden LivingCenter-Southaven or GGNSC Southaven.

Pearl's Corporate Disclosure Statement attests that it is a privately held limited liability company and is also an indirect and wholly owned subsidiary of Drumm. Patipa's affidavit states that Pearl was formed in 2006 for the sole purpose of acquiring Beverly Enterprises, Inc., then a publicly-traded company that owned over 300 nursing homes throughout the United States. Beverly Enterprises is the sole member of Geary. The affidavit also maintains that Pearl has no employees and does no business in Mississippi.

Moreover, Patipa's affidavit avows that Moving Defendants have never been and are not currently part of a joint venture to own and/or operate Golden LivingCenter-Southaven. Moving Defendants have never and do not currently own, lease, or possess any property in Mississippi. Moving Defendants never entered into a contract with Atwood or members of her family to be performed in whole or in part in Mississippi. Moving Defendants have never committed any purposeful act or consummated any transaction in Mississippi in connection with Atwood or any member of her family.[2]

Plaintiff attempts to refute the aforementioned evidence with a recitation of Moving Defendants' corporate structure as provided by Kynda Almefty, a designated corporate representative for Moving Defendants, in a deposition in front of an Arkansas Circuit Court. Plaintiff argues that Moving Defendants should be subject to personal jurisdiction in Mississippi because Drumm created Pearl for the purpose of purchasing Beverly, which owned Golden LivingCenter-Southaven. Moreover, Beverly is the sole member of Geary, Geary is the sole

---

[2] Patipa's affidavit lists a multitude of additional facts that further dispel the propriety of this court exercising personal jurisdiction over Moving Defendants, such as Moving Defendants have never and do not currently have an office, address, telephone number, or bank account in Mississippi. For the sake of brevity and clarity, the court will not recite all of those facts.

member of GPH Southaven, GPH Southaven indirectly leases the property to GGNSC Southaven, and the profits and losses flow upstream therefrom. According to Plaintiff, the fact that Moving Defendants have no employees, create no profit independent of their subsidiaries, and have board members and directors in common with other defendants evidences Moving Defendants' susceptibility to personal jurisdiction in Mississippi under joint venture theory.[3]

However, Plaintiff's argument is not persuasive in its attempt to force the round peg of routine and formal corporate structure, i.e., comprised of separate parent, holding, and subsidiary entities, into the square hole of joint venture. Plaintiff has not provided the court with any factual support showing Moving Defendants' actual intent to form an express or implied contract with each other or the other defendants to operate Golden LivingCenter-Southaven.

In addition, Plaintiff has failed to rebut Michael Patipa's affidavit testimony that Moving Defendants maintain corporate formalities and have no involvement in the management of the other defendants, particularly Golden LivingCenter-Southaven. The court also cannot impute to Moving Defendants mutual control over their respective subsidiaries merely because the entities allegedly have board members and officers in common with the other defendant. Decisions affecting healthcare operations made by shared corporate officers would be attributable to their role as employees of the healthcare subsidiaries not the parent/holding companies, i.e. Moving Defendants. All evidence indicates that Moving Defendants are merely parent/holding companies that perform no independent business other than holding various investments. Furthermore, the court agrees with Moving Defendants' assertion that if the capture of upstream profits constitutes a joint venture, then nearly all formally organized non-resident parent/holding companies would be considered part of a joint venture and could, therefore, be appropriately

---

[3] Plaintiff cites a deposition from an Arkansas Circuit Court case also involving Moving Defendants as the source of this information. Kynda Almefty, a designated corporate representative for Moving Defendants, was the person deposed in that matter.

hailed into any court able to exercise personal jurisdiction upon the resident subsidiary that earned the profit.

If this court were to find that Moving Defendants engaged in a joint venture despite their lack of intent and adherence to corporate formalities, it would thwart many of the legitimate aims of formal corporate structuring, namely: the maximization of profits, minimization of liabilities, and minimization of exposure to litigation. As such, Moving Defendants have established that they are not part of a joint venture with a resident entity and are, therefore, not subject to personal jurisdiction in this court under that theory.

Plaintiff does not appear to have contended in the alternative that this court should exercise personal jurisdiction over Moving Defendants by piercing the corporate veil. Because the evidence necessary for such an argument is largely the same as that provided by Plaintiff for a joint venture and Moving Defendants have included counterarguments for such a contention in their pleadings, the court will address it at this time.

Mississippi Courts have not adopted the ten-factor test for piercing the veil applied by the federal courts. The Mississippi Supreme Court has held that a three-part test applies when piercing the corporate veil and imposing liability on corporate shareholders:

> (a) some frustration of contractual expectations regarding the party to whom he looked for performance; (b) the flagrant disregard of corporate formalities by the defendant corporation and its principals; (c) a demonstration of fraud or other equivalent misfeasance on the part of the corporate shareholder.

*Buchanan v. Ameristar Casino Vicksburg, Inc.*, 957 So.2d 969, 977 (Miss. 2007) (citing *Gray v. Edgewater Landing, Inc.*, 541 So.2d 1044, 1047 (Miss. 1989)). Mississippi case law generally favors maintaining corporate entities and avoiding attempts to pierce the corporate veil. *See Buchanan*, 957 So.2d at 977. "Ordinarily two or more corporations are separate and distinct entities although the same individuals are the incorporators of, or own stock, in the several

9

corporations, and although such corporations may have the same persons as officers." *Murdock Acceptance Corporation v. Adcox,* 245 Miss. 151, 163, 138 So.2d 890, 896 (Miss. 1962). A corporation also retains a separate identify for corporation purposes when stock is owned wholly or in part by another corporation or natural person. *Buchanan*, 957 So.2d at 958. "Ownership of all the stock of a corporation coupled with common management and direction does not, however, operate as a merger of the two corporations into a single entity." *Johnson & Higgins of Mississippi, Inc. v. Comm'r of Ins. of Mississippi*, 321 So.2d 281, 285 (Miss. 1975). The court will not disregard corporate identity *unless* it is shown that one corporation is a "mere instrumentality or agency or adjunct in that sense, or as a sham or is used in fraud, by the dominant corporation." *Buchanan*, 957 So.2d at 978 (emphasis in original) (internal citation omitted).

Therefore, in order to sustain personal jurisdiction, Plaintiff is required to show that at least one of the defendants in this matter is subject to the reach of the Mississippi long-arm statute or a resident of Mississippi and that said defendant or defendants' activities may be properly imputed to any or all of the Moving Defendants by means of piercing the corporate veil. Plaintiff has failed to make a showing that piercing the corporate veil is justified.

While making no conclusive or binding finding on the matter, this court assumes *arguendo* that Golden LivingCenter-Southaven, GPH Southaven, GGNSC Equity, and GGNSC Southaven are potentially the most likely of the defendants to have availed themselves to personal jurisdiction in Mississippi. In addition, the court will assume that Plaintiff has fulfilled parts one and two of Mississippi's three-part test for piercing the corporate veil. Regardless of those generous assumptions by the court, Plaintiff has still failed to show a "flagrant disregard of corporate formalities" between any of the Moving Defendants and their subsidiaries. Plaintiff's

argument for piercing the corporate veil suffers largely from the same essential flaws in her joint venture contention as outlined by the court *supra*. Plaintiff has provided the court with no evidence indicating that Drumm, Pearl, or Geary have conducted business with their respective subsidiaries or each other in such a dominating manner as to satisfy the lofty standard required to merge Moving Defendants with any of the defendant corporations for jurisdictional purposes. To the contrary, Moving Defendants have provided adequate evidence of their adherence to the formalities of their corporate structure and a lack of operational control over their subsidiaries. Finally, the Fifth Circuit Court of Appeals, multiple federal district courts, and multiple state courts have declined to pierce the veil in factually similar cases. *See generally Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983); *Samples v. Vanguard Health Care, LLC*, 2008 WL 4371371 (N.D. Miss. Sept. 18, 2008); *Russell v. Indianola Health*, 2007 WL 1746397 (N.D. Miss. June 15, 2007); *Salley v. Heartland-Charleston of Hanahan, SC, LLC*, 2:10-CV-00791, 2010 WL 5136211 (D.S.C. Dec. 10, 2010); *Schwartzbergh v. Knobloch*, 98 So.3d 173 (Fla. Dist. Ct. App. 2012); *Drumm Corp. v. Wright*, 326 Ga. App. 41, 46, 755 S.E.2d 850, 855 (Ga. Ct. App. March 6, 2014).

Accordingly, the court finds no basis to pierce the corporate veil in order to impute to Moving Defendants the alleged activities of their resident subsidiaries or any other subsidiary that has availed itself to Mississippi's long-arm statute. As such, the court finds no basis for exercising personal jurisdiction over any Moving Defendant.

Apart from alleging the existence of a joint venture, Plaintiff seemingly attempts to argue that Pearl is subject to personal jurisdiction in Mississippi because it was formed to purchase Beverly in 2006, which at the time owned Golden LivingCenter-Southaven. However, Plaintiff has failed to show that in 2007 when Atwood was admitted into Golden LivingCenter-Southaven

that Beverly, as a non-resident, was subject to Mississippi's long-arm statute. All evidence before the court indicates that upon Pearl's purchase of Beverly in 2006 Golden LivingCenter-Southaven became operated by its licensee GGNSC Southaven (whose sole member was GGNSC Equity, not Beverly), and thereby it was not Beverly who entered into a contract with Atwood, or allegedly committed a tort against Atwood, or even continued to do business in Mississippi. In short, Pearl's purchase of Beverly would not have availed it to Mississippi's long-arm statute as it pertains to the circumstances of this case.

Regardless, because of the much-discussed structure of Pearl and its subsidiaries, the court rejects the notion that Pearl's acquisition of Beverly counts as purposefully directing its activities at residents of this forum, and that the litigation results from alleged injuries that arise out of or relate to that acquisition so as to establish specific jurisdiction over them. Likewise, the evidence certainly indicates that Pearl does not have the systematic and continuous contacts in Mississippi needed to substantiate this court's exercise of general jurisdiction over them.

Plaintiff argues in the alternative that she has presented evidence that at least creates a question of fact as to whether this court has jurisdiction and that this court, therefore, should allow further discovery on that specific issue.

"The party seeking discovery bears the burden of showing its necessity." *Freeman v. United States,* 556 F.3d 326, 341 (5th Cir. 2009). "[D]iscovery on matters of personal jurisdiction ... need not be permitted unless the motion to dismiss raises issues of fact. " *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (internal citation omitted). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id.* The Court possesses a substantial amount of discretion when addressing

requests for jurisdictional discovery. *Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266, 276–77 (5th Cir. 2006)

Plaintiff's argument relies on evidence that actually bolsters Moving Defendant's defense that no question of fact exists regarding personal jurisdiction. First, Plaintiff cites to deposition testimony given by Moving Defendants' corporate representative, Kynda Almefty, in an Arkansas Circuit Court case to support her argument that a question of fact exists. *See supra* note 2 and accompanying text. Not only does that evidence comport with Moving Defendants' countervailing arguments of corporate individuality as previously discussed, the remainder of Almefty's deposition further removes any doubt from Moving Defendants' proposition that no question of fact exists. Almefty stated in her deposition that "To the extent that Drumm does anything,… it manages investments…. It has no involvement in the day-to day operations of any entity…." Almefty further corroborated Moving Defendants contentions when she stated, "Pearl Senior Care LLC is essentially a holding company…. It was utilized in a merger…in 2006," and that "Geary Property Holdings LLC…holds real estate property." As such, Plaintiff's own evidence lends credence and further substantiates all of Moving Defendant's arguments and evidence regarding personal jurisdiction.

Second, Plaintiff provides no reason for why this court should allow further discovery other than her belief that she has created a question of fact. In fact, Plaintiff's counsel has admitted to opposing counsel via email that he has deposed "most if not all of the designated corporate reps of the defendants in this case." Finally, Plaintiff has had ample time to present evidence to the court that would create a question of fact regarding jurisdiction.

Because Plaintiff has failed to provide the court with a viable reason for why further discovery is a necessity or that the requested discovery is likely to produce the facts needed to

withstand the Rule 12(b)(2) motion in light of evidence already in the record, the court denies Plaintiff's request for further discovery.

Moving Defendants' motion to dismiss for lack of jurisdiction [Doc. 15] is granted. The case shall remain open as to all other defendants.

IT IS SO ORDERED this the 15th day of July, 2014.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**